UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| - v. - | : | 07 CR. 502 (VM) |
| JAVIER SANCHEZ, | : | |
| RUBEN PEREZ and | | |
| FRANK TEJEDA, | : | |
| Defendant. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## JOINT PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

Attorney for the United States of America

Rua M. Kelly
Katherine R. Goldstein
Assistant United States Attorneys

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v. - | :   07 CR. 502 (VM) |
| JAVIER SANCHEZ, RUBEN PEREZ and FRANK TEJEDA, | : |
| Defendant. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### JOINT PROPOSED EXAMINATION
### OF PROSPECTIVE JURORS

The parties respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendants.

The Charges
**(Joint, Except for Defense Requests)**

  1. This is a criminal case. The defendants in this case,[update with names of defendants on trial], have been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this district. The Indictment charges the following crimes, or charges: Count One of the Indictment charges the defendants with conspiring with others to distribute, and possess with intent to distribute, 50 grams or more of mixtures and substances containing a detectable amount of cocaine base, which is commonly known as "crack" or "crack cocaine,"; and conspiring with others to distribute, and possess with intent to distribute, mixtures and substances containing a detectable amount of cocaine. This conspiracy is alleged to have taken place in May 2007. Count Two of the Indictment charges the defendants with distributing and possessing with intent to distribute approximately 117 grams of mixtures and substances containing detectable amounts of crack cocaine, also in May 2007.

  **(Defense Requests Adding the Following:]**

  2. Does any juror have any personal knowledge of the charges in the Indictment as I have described them?

  3. Does any juror feel that he or she could not view fairly and impartially a case involving such charges?

  4. Do any of you have any opinion about the enforcement of federal laws generally that might prevent you from being fair and impartial in this case?

  5. Do any of you believe that the unlawful distribution of controlled substances or drugs should not be illegal, or that the laws governing these crimes should not be enforced? Do any of you believe that the laws governing these crimes are too lenient or are not strong enough?

Would any of you have difficulty following the law on controlled substances violations as I will instruct you on it?

      6.    Has any juror been involved in an offense involving narcotics or any other controlled substance? Has any juror's relative, close friend or associate been involved in an offense involving narcotics or any other controlled substance? Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with narcotics or any other controlled substance?

<u>Knowledge of the Trial Participants</u>

      7.    There are several defendants in this case, including [Update with names of defendants on trial]. Does any juror know, or has he or she had any dealings, directly or indirectly, with any of these defendants or with any relative, friend or associate of any of these defendants?

      8.    Does any juror have any relatives, friends, associates, employers or employees who know or who have any dealings with the defendants, or with any relative, friend or associate of the defendants?

      9.    The defendants are represented by different attorneys. The defense attorneys are [ASK EACH ATTORNEY TO STAND].[Update with names of attorneys for defendants on trial.] Do any of you know any of the attorneys for the defendants? Has any juror had any dealings with any of them, either directly or indirectly?

      10.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Michael J. Garcia. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Rua Kelly and Katherine Goldstein. [ASK AUSAS TO STAND]. They will be assisted throughout the

trial by Special Agent Orville Greene. [ASK THE AGENT TO STAND]. Do any of you know Mr. Garcia, Ms. Kelly, Ms. Goldstein or Special Agent Greene? Have any of you had any dealings, either directly or indirectly, with any of these individuals?

   11. Does any juror know, or has any juror had any dealings, either directly or indirectly, with any of the following persons who may be witnesses or whose names may be mentioned in this case:

**[A list will be supplied to the Court prior to jury selection.]**

   12. Does any juror know, or is any juror familiar with, either directly or indirectly, any of the following locations that may be mentioned in this case:

**[A list will be supplied to the Court prior to jury selection.]**

Relationship With Government

   13. Does any juror know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or with any member of the United States Drug Enforcement Administration? Is any member of your family employed by any law enforcement agency in the United States or in another country, whether federal, state or local?

   14. Has any juror -- either through any experience he or she has had or anything he or she has seen or read -- developed any bias or prejudice for or against the United States Attorney's Office, the DEA,, or law enforcement?

   15. Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States –

including the Internal Revenue Service – or had any interest in any such legal action or dispute or its outcome? More specifically, have you, or has any member of your family, ever had a dispute concerning payment of money owed to you by the Government?

<u>Prior Jury Service</u>

16. Have you ever at any time served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where?

17. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Did the jury reach a verdict? If the jury reached a verdict, did the judge comment upon the verdict?

<u>Experience as a Witness, Defendant, or Crime Victim</u>

18. Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency, or been questioned in any matter by a federal, state, or local law enforcement agency?

19. Have you or has a relative or close friend ever been a witness or a complainant in any hearing or trial, state or local or federal?

20. Are you, or is any member of your family, or a close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

21. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

22. Have you or any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state grand jury?

23.     Have you or any friend or relative ever been a victim of a crime?

With respect to paragraphs 18-23, if the answer to any of these is "yes", please ask for details. As to each of the questions in paragraphs 16-23, relating to the prospective jurors' experiences with our courts and system of justice, each juror should be asked if his or her experience might affect his or her ability to be fair to either side in this case.

<u>Ability to Render a Fair Verdict</u>

It is respectfully requested that questioning of individual prospective jurors be conducted in the robing room or at the bench with respect to this portion of the voir dire.

24.     a. Do you feel that because the charges in this case involve drugs, specifically cocaine base, which is commonly known as "crack," that you might not be able render a fair verdict?

b. [NAME], the defendant, is a citizen of [COUNTRY] [IF APPLICABLE].  Do you feel that either because he is a citizen of [COUNTRY] or because he is not a citizen of the United States, that you might not be able to render a fair verdict? [Add similar language for any other defendant on trial who is not a citizen of the United States.]

c. [DEFENDANT] is using a Spanish interpreter to assist him.  If he testifies, it will be through a Spanish interpreter.  Do you feel that there is any chance that you may be prejudiced against him in any way because he is using a Spanish interpreter, or because, if he testifies, he will be testifying in Spanish rather than in English?

25. Do you believe that our system of criminal justice favors criminals, or favors persons charged with crimes?

26.  Under our system, a defendant has a constitutional right not to testify and [a defendant's] decision not to testify, if he [one or more defendants] elects [elect] not to testify, cannot be used against him [them] in any way.  How do you feel about this rule?  Do you feel that there is any possibility that you might not or will not be able to follow it?  Do you feel that a defendant should testify, or that he is trying to hide something by not testifying?

27.  How do you feel about defense attorneys?  Do you have any feeling that there is a difference between the prosecuting attorney and defense counsel resulting from the fact that the prosecutor is a representative of the Government?

<u>Views On Types of Evidence and Witnesses</u>

28.  Law Enforcement Personnel:  The witnesses in this case will include, among others, Special Agents with the United States Drug Enforcement Administration.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

29.  <u>Accomplice Witnesses</u>.  You may hear testimony in this case from accomplice witnesses, that is, witnesses who at one time were involved in illegal activity, but who have now pled guilty to various crimes and are testifying on behalf of the Government pursuant to a cooperation agreement.  I instruct you that the use of such accomplice witnesses is perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of accomplice witnesses generally, or the use of evidence or information obtained from accomplice witnesses, that would make it difficult for you to render a fair and impartial verdict if you heard testimony from an accomplice witness?

30. <u>Expert Witnesses</u>.  You may hear testimony in this case by expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

31. <u>Use of Recordings and Transcripts</u>.  Some of the evidence in this trial will come in the form of recorded conversations over the telephone.  These conversations were lawfully recorded by law enforcement.  I instruct you now that this type of evidence does not violate the rights of the defendant, and that it is perfectly proper for this type of evidence to be introduced at trial for your consideration.  With that in mind, does any juror have any feelings about the use of recorded conversations that would make it difficult for you to consider such evidence fairly and impartially as you would any other evidence?

32. <u>Searches and Seizures</u>.  Some of the evidence may come from searches and seizures performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches at trial?

<u>Persons Not On Trial</u>

33.     The defendant is charged with acting together with others in the commission of the charged crimes.  Not all of those individuals are on trial here.  You may not draw any inference, favorable or unfavorable, toward the Government or a defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### Other Questions

34. Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial? Is any juror taking any medication which would prevent him or her from giving full attention to all the evidence at this trial? Does any juror have any difficulty in reading or understanding English in any degree?

35. The evidence that will be presented during the trial may include testimony from foreign language speaking witnesses, whose testimony will be translated by official court-certified interpreters. The evidence may also include foreign language documents that will be translated into English. Even if you speak the foreign language being translated, you are obligated under the law to accept as binding the translations provided by the court-certified interpreters. Are there any members of the panel who speak a foreign language <u>and</u> feel they would be unable to accept as binding the translation provided by the court-certified interpreters?

### Function of the Court and Jury

36. The function of the jury is to decide questions of fact. You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders. However, when it comes to the law you must take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment.

37. Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of the law that I will give you in this case?

38. Will each juror accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberation of the jurors as to whether the defendant on trial here is guilty?

39. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict against that defendant for reasons unrelated to the law and the evidence?

40. Does any juror have any religious, philosophical or other belief which would make him or her unable to render a guilty verdict for reasons unrelated to the law and the evidence?

Other Biases

41. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior questions, does any juror have the slightest doubt in his or her mind, for any reasons whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

Juror's Background

42. The Government respectfully requests that the Court ask each juror to state the following information:

- (a) the juror's occupation;
- (b) the name of the juror's employer;
- (c) the period of employment with that employer;
- (d) the nature of the juror's work;
- (e) the same information concerning other employment within the last five years;
- (f) the same information with respect to the juror's spouse and any working children;
- (g) name and describe the community in which the juror currently resides and any other community in which the juror has resided during the last five years;
- (h) the educational background of the juror, including the highest degree obtained;
- (i) the juror's hobbies;
- (j) the names of the newspapers and magazines the juror reads; and
- (k) the names of the television programs the juror regularly watches.
- (l) the names of any clubs or organizations of which you are a member
- (m) state how you get the news. Do you watch television news? If so, which news programs do you watch?
- (n) state whether you or any member of your family or any of your relatives or close friends has ever worked for the Federal, state or local government (other than service in the armed forces). If so, in what capacity?

-11-

      (o)      state whether you have ever served in the armed forces. If so, where? Did your experience include assignment with the military police?

      (p)      state whether you, any relatives or close friends are or have ever been employed by any law enforcement agency; city, county, state or Federal.

### Requested Instruction Following Impaneling of the Jury

43. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family or friends.

44. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

45. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

Dated: New York, New York
       October 16, 2007