

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

October 17, 2007

**BY HAND DELIVERY & ECF**

Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    United States v. Sanchez et al.
               07 Cr. 502 (VM)

Dear Judge Marrero:

        The Government respectfully moves in limine to admit evidence at trial of Frank Tejada's prior drug dealing activities, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"), to demonstrate that the defendant had the requisite intent and knowledge to participate in the charged conspiracy.[1]

**I.    Tejada's Prior Felony Narcotics Conviction Is Admissible Under Rule 404(b) to Demonstrate His Knowledge and Intent to Participate in a Narcotics Transaction**.

    **A.**    **Background**

        The Government expects to prove at trial that, as charged in the Indictment, in May 2007, Javier Sanchez, Ruben Perez and Frank Tejada conspired to distribute more than 50 grams of cocaine base ("crack" cocaine) to a confidential informant (the "CI"), in violation of Title 21, United States Code, Section 841(b)(1)(A) and Title 21, United States Code, Section 846.

        In May 2007, the CI consensually recorded several conversations with Sanchez in which they discussed the sale of crack cocaine.  In the course of those discussions, the CI and Sanchez negotiated the price, quantity and timing of a crack cocaine deal, and arranged to meet on May 21, 2007 at the intersection of West 139th Street and Hamilton Place in Washington

---

[1]    The Government initially notified defense counsel of this evidence by providing a copy of the defendant's rap sheet on June 22, 2007, and advised defense counsel of our intention to introduce the conviction under Rule 404(b) in a letter dated October 10, 2007.

The Honorable Victor Marrero
October 17, 2007
Page 2

Heights for the transaction. On May 21, 2007, the drug sale took place as planned. The CI initially met with Sanchez and Perez at the corner of West 139th Street and Hamilton Place, and Tejada arrived a few minutes later. The CI asked Sanchez for the narcotics, and Sanchez advised the CI that he would have to wait. A short while later, Perez and Tejada began walking southbound on Hamilton Place, while Sanchez and the CI remained at the intersection. Sanchez then advised the CI that he had told Perez and Tejada to go get the drugs. A short time later, Perez and Tejada were observed by nearby surveillance units walking in a northerly direction on Hamilton Place, back to the intersection of West 139th and Hamilton. However, Perez and Tejada were now walking on opposite sides of the street, and Perez – previously empty-handed – was carrying a black plastic shopping bag. Tejada rejoined Sanchez, while Perez headed east on 139th Street. A short time later, Perez was observed by Drug Enforcement Administration agents placing the black plastic shopping bag into a garbage bag that was hanging from a wire fence. The CI then signaled to DEA agents that the deal was complete, and all three defendants were placed under arrest. DEA agents found approximately 117 grams of crack cocaine inside the black plastic shopping bag deposited into the larger garbage bag by Perez.

On May 13, 1998, in New York County Supreme Court, Tejada entered a plea of guilty to the crime of attempted criminal sale of a controlled substance in the third degree, to wit, cocaine, in violation of P.L. 220.39. At trial, the Government intends to offer proof of Tejada's prior conviction through the testimony of the arresting officer and a copy of the judgment of conviction. The officer will testify that Tejada was arrested at West 139th Street and Hamilton Place in Washington Heights after selling 20 grams of powder cocaine to an undercover officer, and that Tejada was one of several defendants arrested during a year-long NYPD investigation into the sale of cocaine at that location.

The Government anticipates that at trial, defense counsel for Tejada will argue that the defendant was merely present for the drug deal, and neither knew nor intended to participate in a conspiracy to distribute crack cocaine. Accordingly, the Government seeks to offer evidence of Tejada's prior narcotics felony conviction under Rule 404(b) to demonstrate Tejada's knowledge and intent with regard to both the charged conspiracy and the substantive offense.[2] Tejada's prior conviction not only demonstrates knowledge and intent with regard to the narcotics trade in general, but shows that Tejada has specific knowledge about drug dealing involving the same drug on the very street corner – West 139th Street and Hamilton Place – where he was arrested in the instant case. Accordingly, Tejada's prior conviction is highly relevant as to his knowledge and intent to conspire to sell drugs at that specific location in Washington Heights.

---

[2]    In the event that Tejada testifies in his own defense, the Government intends to move <u>in limine</u> pursuant to Federal Rule of Evidence 609 to permit impeachment of the defendant on the fact of his prior felony conviction, where less than 10 years have elapsed since Tejada was convicted.

The Honorable Victor Marrero
October 17, 2007
Page 3


**B.**     **Discussion**

Evidence of prior acts is admissible under Rules 404(b) and 403 of the Federal Rules of Evidence if it is (1) advanced for a proper purpose; (2) relevant to the crimes for which the defendant is on trial; (3) more probative than prejudicial; and (4) if requested, admitted subject to a limiting instruction. See United States v. Zackson, 12 F.3d 1178, 1182 (2d Cir. 1993); United States v. Ramirez, 894 F.2d 565, 568 (2d Cir. 1990) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

In relevant part, Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)") provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

In United States v. Pitre, the Second Circuit set forth the standards for assessing the admissibility of evidence under Rule 404(b):

> First, the district court must determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity. If the evidence is offered for a proper purpose, the district court must next determine if the evidence is relevant to an issue in the case, and, if relevant, whether its probative value is substantially outweighed by the danger of unfair prejudice. Finally, upon request, the district court must give an appropriate limiting instruction to the jury.

960 F.2d 1112, 1119 (2d. Cir. 1992). Under the Second Circuit's "inclusionary approach" to the admission of other act evidence, evidence of prior crimes, wrongs or acts is admissible for any purpose other than to show a defendant's criminal propensity. United States v. Pascarella, 84 F.3d 61, 69 (2d Cir. 1996).[3] Thus, if the defense at trial is based in any way on intent,

---

[3] The Court has wide latitude in determining whether to admit this kind of "other act" evidence. The Second Circuit reviews the decision on an abuse of discretion standard. Pascarella, 84 F.3d at 69; Langford, 990 F.2d at 70.

The Honorable Victor Marrero
October 17, 2007
Page 4

knowledge, or identity, evidence of the defendant's prior conviction is admissible to rebut such a defense. See Zackson, 12 F.3d at 1182 ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged.") (citing United States v. Ramirez-Amaya, 812 F.2d 813, 817 (2d Cir. 1987)).

It is indisputable that Tejada's prior conviction for narcotics distribution demonstrates his general knowledge of and participation in the narcotics trade. See United States v. Pitre, 960 F.2d 1112, 1119 (2d. Cir. 1992) (admitting evidence of prior narcotics transactions as probative of the defendants' "intent or knowledge in connection with the [narcotics] crime charged.") Accordingly, it should be admitted at trial to rebut the anticipated defense that Tejada was merely present for the events that unfolded on May 21, 2007 at the corner of West 139th Street and Hamilton Place.

Moreover, the facts underlying Tejada's 1998 conviction are highly relevant to the facts that will be adduced by the Government at trial. The Government's proof will establish that on May 6, 1998, Tejada sold cocaine to an undercover NYPD officer at the corner of West 139th Street and Hamilton Place, a known open-air drug spot. As the arresting officer will testify, Tejada's arrest resulted from a long-term investigation into hand-to-hand cocaine sales at West 139th Street and Hamilton Place. Accordingly, the proffered evidence is not only highly relevant and probative of Tejada's state of mind generally as to drug distribution, but is extremely probative of his knowledge and participation in street-level cocaine sales at the exact same location where he was arrested in this case.

Tejada advances two primary arguments in his motion to preclude the admission of his narcotics distribution conviction under Rule 404(b). First, Tejada claims that his defense at trial will eliminate knowledge and/or intent from the case, because he will deny participation in the criminal conduct alleged, rather than arguing that his actions were unknowing or involuntary. Rather, Tejada's purported defense will be that "he did not commit the *actus reus* of the charged crime." Motion in Limine of Frank Tejada, filed on October 15, 2007, at 4. Second, Tejada asserts that even if his knowledge and/or intent are in dispute at trial, the prior drug conviction should be excluded as irrelevant, as temporally remote and factually distinguishable from the conspiracy alleged in the Indictment. Both arguments are wrong as a matter of law and fact and should be rejected by this Court.

As to the first issue, defense counsel's promise that Mr. Tejada will not place his knowledge and intent at issue is premature and inconsistent with the facts of this case. In her submission, defense counsel claims that Tejada's *mens rea* will not be an issue at trial, because Tejada will contend that he simply did not commit the acts alleged by the Government that constitute a crime. To be sure, if Tejada's knowledge and intent were undisputed at trial, there would be no reason to admit this 404(b) evidence. C.f. United States v. Colon, 880 F.2d 650, 656 (2d. Cir. 1989) ("[I]n some circumstances, the nature of a defense put forth by the defendant may

reveal that "[k]nowledge and intent, while technically at issue, [are] not really in dispute.") (quoting United States v. Benedetto, 571 F.2d 1246, 1249 (2d. Cir. 1978).)  However, Tejada's state of mind will unquestionably be at the heart of his defense at trial, because the Government expects to offer evidence at trial that Tejada indeed committed several acts in furtherance of the narcotics conspiracy.  Among other things, the Government will offer evidence at trial that Tejada was directed by Sanchez to go with Perez to obtain crack cocaine, and that Tejada acted as a "lookout" after he and Perez obtained the drugs and brought them to Sanchez.  Necessarily, given these proffered facts, Tejada's mental state will become an issue.  In other words, Tejada's defense may be that his actions were innocent, and were not done with a criminal purpose, but that defense is a "mere presence" defense – which directly calls into question his state of mind.  Accordingly, Tejada's past conduct is highly relevant to his state of mind at the time of this crime.

Accordingly, Tejada's reliance on United States v. Colon, 880 F.2d 650, 656 (2d. Cir. 1989) is misplaced, because this case is factually distinguishable from Colon and its progeny.

In Colon, the defendant, who was charged with participating in a drug deal with an undercover agent, proffered that his defense would be that he never spoke with, met with, or encountered the agent in any way whatsoever.  Id. at 658-59.  This case is in stark contrast to Colon, for Tejada does not appear to contend that he had no interaction with the other defendants arrested at the scene.  Indeed, multiple Government witnesses will testify that, in fact, Tejada spoke with both of the co-defendants during the course of the drug sale.  Compare Colon at 658 ("In essence, [the defendant] was . . . contending that he had no recollection of the drug transaction at all.  All that he remembered was being on the street at the time.  Presumably, his first pertinent recollection would be his arrest at the scene.")  Logically, then, it is apparent that Tejada will defend by arguing that any interactions with the defendants at the scene were innocent, and not related to a drug transaction – which is a very different defense than Colon's, and one that places knowledge and/or intent squarely at issue.

Moreover, Tejada's prior conviction for cocaine distribution is highly relevant to the conduct charged in the instant case.  Again, Tejada's likely defense at trial will be that he was unaware of the drug deal being conducted in his presence at the intersection of West 139th Street and Hamilton Place by his co-defendants.  However, Tejada's 1998 conviction stems from his hand-to-hand sale of cocaine to an undercover NYPD police officer at the exact same street corner – West 139th Street and Hamilton Place.  Accordingly, the proffered evidence shows that Tejada not only knew that the corner was a drug spot, but that he previously sold drugs at that location.  C.f. United States v. Gordon, 987 F.2d 902, 909 (2d. Cir. 1993) (finding error in admission of defendant's prior possession of 4.3 grams of cocaine in North Carolina, where defendant was charged with importing a multi-kilogram load of cocaine to New York from Guyana).  As such, it is highly relevant as to Tejada's knowledge that cocaine was bought and sold at the corner of West 139th Street and Hamilton Place.  Nor does the passage of time erode the factual nexus between the conviction and the charged conduct.  Defense counsel does not point to any Second Circuit case law suggesting that there is a temporal limit on the admission of

The Honorable Victor Marrero
October 17, 2007
Page 6

404(b) evidence, and in other Circuits, courts have declined to define an outer time limit for prior bad acts as being too remote to be probative of knowledge or intent.  See generally United States v. Pollock, 926 F.2d 1044, 1048 (11th Cir. 1991) (upholding admission of five-year old criminal conviction under Rule 404(b), and citing approvingly to cases in other Circuits admitting evidence of prior conduct occurring 10 to 13 years before the crimes charged).

Finally, the proffered evidence is highly relevant, and there is no basis to exclude it under Rule 403.  Tejada will not be unfairly prejudiced by the admission of the proffered evidence.  The proffered evidence of prior drug dealing is no more sensational than the conduct charged in the Indictment.  Certainly there is no danger that the two drug transactions could be confused in the minds of the jurors.  As defense counsel concedes, there are certain factual differences between the two offenses (i.e., 20 grams of powder cocaine versus 117 grams of "crack" cocaine).  Accordingly, it cannot be said that admission of such evidence would cause any unfair prejudice, let alone unfair prejudice that substantially outweighs the probative value of the evidence.  Cf. United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992) (in narcotics case, evidence of prior narcotics transactions admitted where other acts evidence "did not involve conduct any more sensational or disturbing than the crimes with which [the appellants were] charged") (quoting United States v. Roldan-Zapata, 916 F.2d at 804).

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the evidence of Tejada's 1998 conviction for attempted criminal sale of a controlled substance in the third degree, to wit: cocaine, should be admitted at trial under Federal Rule of Evidence 404(b).

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _____
Rua M. Kelly/Miriam E. Rocah
Assistant United States Attorneys
Telephone: (212) 637-2471/1081

cc:   Jennifer Brown, Esq. (By Hand)
      Xavier R. Donaldson, Esq. (By Hand)
      Donald Yannella, Esq. (By Hand)