```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

        - v. -                    :    INFORMATION

RUBIN PEREZ,                      :    S1 07 Cr. 502
   a/k/a "Ruben Perez,"
                                  :
             Defendant.
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 5 2007

## COUNT ONE

The United States Attorney charges:

1.   From in or about March 2007, through on or about May 21, 2007, in the Southern District of New York and elsewhere, JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants, would and did distribute and possess with intent to distribute a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack" cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

3. It was a further part and an object of the conspiracy that JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants, would and did distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The United States Attorney further charges:

4. On or about May 21, 2007, in the Southern District of New York, JAVIER SANCHEZ, a/k/a "Jacinto," RUBIN PEREZ, a/k/a "Ruben Perez," and FRANK TEJEDA, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A); Title 18, United States Code, Section 2.)

## COUNT THREE

The United States Attorney further charges:

5. From in or about January 2006 until at least in or about November 2006, in the Southern District of New York and elsewhere, RUBIN PEREZ, a/k/a "Ruben Perez," the defendant, and others known and unknown, unlawfully, intentionally, and

knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

      6.    It was a part and an object of the conspiracy that RUBIN PEREZ, a/k/a "Ruben Perez," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, marijuana, in violation of Sections 812, 841(a)(1) and 841(b)(1)(D) of Title 21, United States Code.

      (Title 21, United States Code, Section 846.)

### **Forfeiture Allegation**

      7.    As a result of committing the controlled substance offenses alleged in this Indictment, RUBIN PEREZ, a/k/a "Ruben Perez," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds PEREZ obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this Indictment, including a sum of money representing the amount of proceeds obtained as a result of the offenses alleged in this Indictment.

Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third person;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

*Michael J. Garcia* (signature)
MICHAEL J. GARCIA
United States Attorney